O

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **RAYMOND SPIVEY PETTIT,** | § | |
| | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL ACTION V-03-143** |
| | § | |
| **DOUGLAS DRETKE, Director, Texas Department of Criminal Justice, Institutional Division,** | § | |
| | § | |
| | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM & ORDER**

In this habeas corpus action, Texas prisoner Raymond Spivey Pettit ("Pettit") challenges the result of a prison disciplinary proceeding. Pending before the Court is Respondent Douglas Dretke's Motion for Summary Judgment (Dkt. #12). Also Pending before the Court are Pettit's Requests for Production of Documents (Dkt. #s 3 & 4). After considering the motion, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be GRANTED and Petitioner's requests should be disposed of as discussed below.

**Factual and Procedural Background**

At the time of the challenged proceeding, Pettit was an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") serving a fifty year sentence upon pleading guilty to burglary of a habitation. *The State of Texas v. Raymond Spivey Pettit*, No. 49634 (252nd Judicial Dist. Ct., Jefferson County, Tex., Nov. 13, 1990). Pettit was found guilty of damaging or destroying state property, namely a window, in violation of TDCJ-CID rules. Disciplinary Case # 20030272462. As a result, the hearing officer, Captain Randolph, assessed the following punishments: (1) 45 days loss of commissary and recreation privileges; (2) 45 days of cell

restriction; (3) 15 days of solitary confinement; (4) reduction in line class status from L-1 to L-2; (5) 60 days loss of good time credit; and (6) payment of $968.00. Pettit appealed the decision on June 16, 2003 which was later denied on June 23, 2003. Pettit filed a second appeal on August 1, 2003, however, the grievance committee did not respond to this appeal because Pettit allegedly failed to submit this grievance within the proper time. Pettit then filed the instant petition for habeas relief.

## Claims and Allegations

In his habeas petition, Pettit claims he is entitled to habeas relief based upon three grounds: (1) the evidence was insufficient to support a guilty finding; (2) his due process rights were violated upon being found guilty based upon insufficient evidence; and (3) his due process rights were violated when TDCJ placed a lien on his inmate account for materials and labor that has never been performed.

## Standards

### A. Summary Judgment

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[1] The burden is on the movant to convince the court that no genuine issue of material fact

[1] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the

exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 106 S. Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,106 S. Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

**B. 28 U.S.C. § 2254**

Under the provisions of 28 U.S.C. § 2254(d), the federal courts accord wide deference to the decisions of the state courts. *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998). However, the proceeding in this action has not been reviewed by the state courts of Texas because the state courts will not review prison disciplinary claims. *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986).

---

Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

The Court will consider whether Pettit's constitutional rights were violated by the punishments imposed as a result of the disciplinary proceeding brought against him. 28 U.S.C. § 2254(a).

## Analysis

### A. Exhaustion of State Remedies

Respondent argues that it is entitled to summary judgment based upon Pettit's failure to exhaust state remedies. The Court believes there is a material question of fact as to whether Pettit exhausted his state remedies. Nonetheless, though the Court may not grant an application for a writ of habeas corpus where the petitioner has failed to exhaust administrative remedies, nothing prevents the Court from denying an application on the merits where the petitioner has failed to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1), (2). The Court has determined that Pettit's habeas petition should be denied and therefore his alleged failure to exhaust his state remedies will not prevent this Court from granting Respondent's motion for summary judgment.

### B. Appropriate Habeas Grounds

In order to obtain habeas relief, a prisoner must establish a violation of a constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994).

#### 1. Loss of Privileges

Pettit may not seek relief in this proceeding to the extent that he challenges the validity of the loss of privileges which affected the conditions of his confinement without affecting the length of his sentence. "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 115 S. Ct. 2293, 2297 (1995). Pettit's claims concerning 45 days loss of commissary and recreation privileges, 45 days of cell restriction, and 15 days of solitary confinement have no basis in law as such punishments are not actionable in federal court because he is a prisoner with limited rights and

expectations. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). With respect to his loss of privileges and cell restriction, the withdrawal of permission to engage in prison activities that are not available to all prisoners is merely a change in the conditions of confinement and therefore cannot be challenged in this proceeding. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). Moreover, habeas challenges are limited to those actions that actually affect the length of a prisoner's incarceration. *See Malchi*, 211 F.3d at 958 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S. Ct. 1827, 1841 (1973)). Pettit has not alleged that a favorable determination would automatically entitle him to accelerated release. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).

Respecting the imposition of 15 days of solitary confinement, absent extraordinary circumstances, administrative segregation is an incident to the ordinary life as a prisoner and will never be a ground for a constitutional claim. *Pichardo v. Kinker*, 73 F.3d 612, 612 (5th Cir. 1996).

Similarly, Pettit's challenge to his demotion in classification is legally baseless. *See Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Although the demotion may have affected Pettit's ability to accrue good time credits, it is not actionable because there is no certainty that the length of his confinement was changed. *Sandin*, 115 S. Ct. at 2302. *See also Malchi*, 211 F.3d at 957 (Effect on prisoner's good time earning status upon timing of release was too speculative to afford constitutionally cognizable right).

**2. Loss of Good Time Credits**

As the Respondent concedes that Pettit was eligible for mandatory supervision,[2] Pettit may only seek relief with regard to the good time credits which were actually forfeited as a result of the

---

[2] Respondent's Motion for Summary Judgment, pg. 6.

disciplinary proceeding. *See Malchi*, 211 F.3d at 957. Unlike a defendant in a criminal trial, a prisoner in a disciplinary proceeding has limited due process rights. *See Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S. Ct. 2963, 2975 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). These rights are met when the prison officials "(1) provide advance written notice of at least twenty-four hours to the prisoner; (2) issue a written statement of the factfinders as to evidence relied upon and their reasons for action; and (3) offer the prisoner an opportunity to call witnesses and present documentary evidence." *Houser v. Dretke,* 395 F.3d 560, 562 (citing *Wolff*, 563-68, 94 S. Ct. at 2978- 80).

The record shows that Pettit was given written notice of the disciplinary hearing on June 4, 2003, at 11:15 a.m.[3] The hearing occurred more than twenty-four hours later, on June 10, 2003.[4] Pettit attended the hearing where he was assisted by a counsel substitute. He was provided with a final report of the disciplinary hearing stating the evidence relied upon and the reason for the disciplinary action taken.[5] Additionally, the record indicates that Pettit was given an opportunity to call and question witnesses and present documentary evidence.[6] The record demonstrates that due process was observed during the hearing as required by *Wolff*. There is no evidence that any witnesses were arbitrarily excluded during the proceedings. *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979).

Pettit argues that there was insufficient evidence to prove that he intentionally destroyed or

---

[3] *See Id.*, attached Disciplinary Hearing Records ("DHR"), pg. 1.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 15-16, 11-13.

damaged state property. In his response to Respondent's motion for summary judgment, Pettit argues that hearsay was admitted at the disciplinary hearing through Officer Riggs who allegedly stated that "Sergeant Hale told me that offender Pettit stated he kicked the window." If such a statement were made, it was not hearsay because it was an admission by the Defendant. *See* FED. R. EVID. 801(d)(2). Even excluding these statements, however, there was more than ample admissible evidence to support the finding that Pettit intentionally broke the window.

Pettit also argues that a statement he gave, presumably at the time he broke the window, was never recorded or submitted into evidence and that a written report from one Officer Zoller was also not placed into evidence. Pettit asserts that these statements would have been beneficial to his defense. Despite Pettit's arguments, there is more than sufficient evidence to support an inference that Pettit intentionally broke the window. The record contains written statements from Lieutenant Whitman and Sergeant Hale in which they state that Pettit admitted to them that he made contact with the window and it broke.[7] The record before Captain Randolph also contained photographs of the broken door[8] and a statement from Officer Riggs stating that Pettit was upset around the same time the incident occurred.[9] Pettit had an opportunity to defend himself at the disciplinary hearing and could have made any statements in support of his defense at that time. Any speculation regarding the contents of a report from Officer Zoller would not have altered the facts before Captain Randolph. Captain Randolph's reliance on the charging officer's report alone would have been sufficient. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774 (1985); *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001); *Earnest v.*

---

[7] Respondent's Motion for Summary Judgment, DHR at 11, 12.

[8] *Id.* at 7-8.

[9] *Id.* at 2.

*Courtney*, 64 F.3d 365, 367 (8th Cir. 1995). The Supreme Court has held that "due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Superintendent,* 472 U.S. at 457, 105 S. Ct. at 2775. In light of the facts, the hearing officer's rulings will not be disturbed. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Petit's unfounded challenges to the results of his disciplinary proceeding shall be **DISMISSED**.

**C. Inappropriate Habeas Grounds**

In addition to his due process and insufficient evidence claims, Pettit also argues that Respondent has violated his due process rights by placing a lien on his inmate trust account to cover the cost of the property he damaged. This claim is more properly brought under 42 U.S.C. § 1983, the statute enabling prisoners to bring lawsuits against state officials for constitutional violations. "[T]he writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement." *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). On the other hand, a "section 1983 action is an appropriate remedy for recovering damages resulting from illegal administrative procedures." *Id.* The lien placed on Pettit's inmate trust account is not a fact of confinement, therefore Pettit's due process claim is simply not cognizable under federal habeas law.

**D. Pettit's Request for Production of Documents**

Pettit has also filed two Requests for Production of Documents through which he seeks an offense report written by Officer Riggs, written statements from Lieutenant Whitman and Sergeant Hale, a Destruction of State Property Assessment Report, and a transcript of the tape recording of his disciplinary hearing. Habeas petitioners are not entitled to delay their actions until they have gathered every possible scrap of evidence that might support their claims. *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998). Unlike a litigant in a typical civil action, a habeas petitioner

does not have an unqualified right to obtain documents hoping that he may find additional evidence to present to the courts. *Bracy v. Gramley*, 520 U.S. 899, 117 S. Ct. 1793, 1796-97 (1997); *see also Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (Rule 6 of the Rules Governing § 2254 petitions does not entitle a habeas petitioner to discovery in order to pursue speculative claims or conclusory allegations). Pettit's requests will be denied because the Court does not find good cause for discovery.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, Pettit needs to obtain a certificate of appealability before he can appeal this Memorandum & Order dismissing his petition. A certificate of appealability may be issued only if Pettit makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Pettit must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). *See also Morris v. Dretke,* 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Pettit has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); 395 F.3d at 561. The Court **DENIES** the issuance of a certificate of appealability in this action.

**Conclusion**

The Court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Dkt. #12) is **GRANTED**.

2. The Petitioner's Requests for Production of Documents (Dkt. #s 3 & 4) are **DENIED**.

3. This action is **DISMISSED**, with prejudice.

4. A certificate of appealability is **DENIED**.

**SIGNED** on this 14th day of June, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE